ROBERT MALONE, LOUIS POSTEL AND BARTHOLOMEW BEVINS, PLAINTIFFS-RESPONDENTS, v. JAMES L. FENDER, JOSEPH H. CAPASSO, ROBERT J. OLDKNOW, JOSEPH A. STUART, MICHAEL C. STOIA, THOMAS H. MAGEEAN, WILLIAM R. CONN, GEORGE J. FLANAGAN, EMIL J. NIGRO, RAYMOND J. HERMANN, WARREN B. WILSON, JOHN A. ROBERTS, WILLIAM G. SCHALK, WILLIAM DOUGAN, JAMES MALCOLM, JAMES HERON, GEORGE J. HARRIS, THEODORE J. DURANTE, FRANCIS X. LYNCH, FRANCIS J. MEYERS, JOHN L. PALMER, JOSEPH McMILLAN AND DANIEL TAYLOR, INTERVENORS-APPELLANTS, v. CIVIL SERVICE COMMISSION, DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 14, 1978—Decided March 30, 1978.
Supplemental Opinion Filed June 13, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Messrs. Schechner* and *Targan,* attorneys for the appellants (*Mr. Edward Weisslitz,* of counsel and on the brief).

*Messrs. Fox* and *Fox,* attorneys for plaintiffs-respondents (*Mr. Richard H. Greenstein* on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for the respondent Civil Service Commission (*Mr. William F. Hyland,* former Attorney General of New Jersey, and *Ms. Erminie L. Conley,* Deputy Attorney General, of

counsel; *Mr. Henry D. Blinder,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ARD, J. A. D. This is an appeal from a final determination of the Civil Service Commission extending the eligibility list for the position of Fire Captain, Town of Kearny, New Jersey, for a period of one year, until October 30, 1977. The basic question to be resolved is whether *N. J. S. A.* 11:22-32, which establishes the term of eligibility for those certified for promotion in local service, allows the Commission, through the Chief Examiner and Secretary, to extend the period during which an employment list remains in force.

In 1974 a promotional examination was given by Civil Service for the position of Fire Captain, Town of Kearny, New Jersey. On October 31, 1974 the Department of Civil Service promulgated an eligibility list for the aforesaid position. The list was due to expire on October 30, 1976. Prior to the expiration of the list, Kearny firemen, Robert Malone, Louis Postel and Bartholomew Bevins, petitioned the Civil Service Commission for an extension of this list for a period of one year. The plaintiffs were all eligibles on the 1974 list who had not yet been appointed.

Thereafter, after considering documentations supplied by interested parties, the Civil Service Commission extended the duration of the 1974 list for a period of one year until October 30, 1977.

Appellants are Kearny firemen who object to the extension of the promotional list by the Civil Service Commission. They are also on this list; however, their position is such that they apparently feel their chances of promotion would be enhanced by a new test rather than remaining on the extended list.

On July 13, 1977 the town council of Kearny conditionally appointed two of the plaintiffs, Louis Postel and Bartholomew Bevins, to the position of Fire Captain with the under-

standing that the appointments were conditioned upon the outcome of this appeal.

In advising plaintiffs of the granting of their request to extend the eligible list for Fire Captain, the Civil Service Commission, through its Chief Examiner and Secretary, advised them:

> *⁕ * * In accordance with Civil Service Rules and Regulations which provide for an extension of eligible lists to a maximum life of three years, the Commission directed that the Fire Captain, PM0179, Town of Kearny eligible list be extended to three years. * *⁕ *⁕

■ After examining the pertinent statutory authority dealing with the establishment of terms of eligibility of those certified for promotion, we conclude the Civil Service Commission had no authority to extend the list in question.

*N. J. S. A.* 11:22–32 establishes the period of eligibility of an applicant certified for promotion in local service, such as a Fire Captain in this case. It states:

> Appointments shall be made to or employment given in all positions in the competitive class not filled by promotion, reinstatement, transfer or reduction under the provisions of this subtitle and the rules made in pursuance thereof, by appointment from among those certified to the appointing authority in accordance with the provisions of section 11:22–16 of this title. The term of eligibility of an applicant shall be fixed for each list by the commission at not less than one nor more than three years. Appointments shall be made from the eligible list most nearly appropriate, and a new and separate list shall be created for a stated position only when no appropriate list exists from which appointment may be made.

The statute does not authorize the Commission to extend the period during which an employment list remains in force. This is unlike *N. J. S. A.* 11:9–10, which deals with state service and provides:

> The chief examiner and secretary shall, at the time an employment list is promulgated, provide by regulation, approved by the commission, the period during which this list shall remain in force.

No employment list shall be promulgated for a period less than six months nor greater than three years. The chief examiner and secretary may, with the approval of the commission, extend the period during which an employment list remains in force, by action taken before the expiration of the list and entered in the minutes of the commission together with his statement as to the reasons therefor. The chief examiner and secretary shall provide by rule, approved by the commission, for the consolidation, continuation and cancellation of employment lists and for the removal of names, for good cause, therefrom.

Upon reading the respective statutes it appears clear that the Legislature deemed it necessary to give the Civil Service Commission authority to extend the life of a promotional list for persons in state service while merely granting the Commission the authority to set the term of eligiblity for a period of "not less than one nor more than three years" for local service.

The Commission argues that the Legislature has delegated broad authority to the Commission and Chief Examiner and Secretary in interpreting and implementing *Title* 11. It further argues that consistent with this broad authority it promulgated *N. J. A. C.* 4:1–11.6 which provides:

An employment list may be extended for good cause by the Commission for such period or periods beyond its expiration date, provided that no list shall remain in effect for more than the maximum period allowed by the law.

In effect, the Civil Service Commission takes the position that the authority expressly granted the Commission to extend a state service list as provided in *N. J. S. A.* 11:9–10 is implicit in *N. J. S. A.* 11:22–32. We disagree.

Recently we upheld the Civil Service Commission's denial of an application for a two-year extension of the three-year life of eligible lists for the positions of sergeant and lieutenant in a local police department. *In re Application Ext. of Newark Police Sergeant,* 149 *N. J. Super.* 121 (App. Div. 1977). That case also dealt with local service, and in answer-

ing the argument that the language of *N. J. S. A.* 11:9–10 applies, we stated:

> Moreover, assuming *arguendo* that *N. J. S. A.* 11:9–10 does authorize extensions beyond the three-year maximum, we can find no basis for engrafting this provision on the statute governing local service. We may not assume that the Legislature inadvertently omitted the extension provision from the statute governing local service and undertake the statutory surgery which appellants request. [at 126]

We deem that language most appropriate to this case. We again find no basis for "engrafting" the extension provision of *N. J. S. A.* 11:9–10 to *N. J. S. A.* 11:22–32. We certainly cannot assume that the Legislature inadvertently omitted the extension provision from the local service statute. Furthermore, this is consistent with the rationale of *Smith v. Hazlet Tp.,* 63 *N. J.* 523 (1973). In that case the court refused to apply a statute dealing with large cities to a township, and the following was said:

> * * * Where two comprehensive statutes are enacted by the same legislative body in the same year, one dealing with a certain class of cities and the other dealing with townships, and where the former designates the office of chief of police and accords the holder of the office some measure of statutory authority, while on the same subject the latter is silent, the inference is permissible that the distinction is a purposeful one. [at 527]

The statutes in question were enacted in the same year. ██ To the extent that *N. J. A. C.* 4:1–11.6 can be read to apply to both the state service and local service the regulation is in contravention of *N. J. S. A.* 11:22–32. It is well settled that administrative implementation cannot deviate from the principle and policy of the statute. *Abelson's, Inc. v. N. J. State Board of Optometrists,* 5 *N. J.* 412, 423 (1950). A ruling in contravention of the state law cannot be enforced. *Mercer Council #4, N. J. Civ. Serv. v. Alloway,* 119 *N. J. Super.* 94 (App. Div. 1972), aff'd 61 *N. J.* 516 (1972); *Kamienski v. Bd. of Mortuary Science,* 80 *N. J. Super.* 366, 369–370 (App. Div. 1963).

Finally, we are satisfied that our determination will have a salutary effect on those involved in local service. We are convinced that by adding certitude to the life of an eligibility list we are contributing to the enhancement of local morale as well as insuring competitiveness which will increase the likelihood of obtaining the best qualified individuals for a given position. Therefore, the decision of the Civil Service Commission extending the eligible list for Fire Captain, PM0179, Town of Kearny is reversed. Any appointments made from that list after October 30, 1976 are void.

Reversed.